IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00743-RPM-BNB

TRUSTEES OF THE PIPE INDUSTRY HEALTH AND WELFARE FUND OF COLORADO, an express trust;
TRUSTEES OF THE DENVER PIPE INDUSTRY VACATION FUND, an express trust;
DENVER PLUMBERS JOINT APPRENTICESHIP AND TRAINING FUND, an express trust;
CONTRACT ADMINISTRATION FUND OF NORTHEASTERN COLORADO, a Colorado corporation; and
PLUMBERS LOCAL UNION NO. 3, UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING & PIPE FITTIING INDUSTRY OF THE UNITED STATES AND CANADA, an unincorporated association,

Plaintiffs,

v.

FELIX MECHANICAL, LLC, a Colorado limited liability company,

Defendant.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the **Plaintiffs' Motion for Default Judgment** [Doc. # 9, filed 6/19/2008] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that a default judgment pursuant to Fed. R. Civ. P. 55(b) be entered in favor of the plaintiffs and against the defendants.

On June 9, 2008, the Clerk of the Court entered a default pursuant to Fed. R. Civ. P. 55(a) against Felix Mechanical LLC ("Felix"), a Colorado limited liability company for failing to file an answer or otherwise defend the action. The plaintiffs moved for entry of a default judgment on June 19, 2008. Felix has not responded to the Motion despite the passage of the allotted time. See D.C.COLO.LCivR 7.1C.

**LEGAL STANDARD**

The entry of a default judgment is controlled by Fed. R. Civ. P. 55(b), which provides in relevant part:

> Judgment by default may be entered as follows:
> \* \* \*
> (2) By the Court. In all other cases [not subject to subpart (b)(1)], the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party has "failed to plead or otherwise defend" itself. A trial court is vested with broad discretion in deciding whether to enter a default judgment. Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987).

"Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p.63; accord Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 n.11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a claim on the merits," citing Jackson v. FIE Corp., 302 F.3d 515, 514-25 (5th Cir. 2002)). In addition:

> Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. . . . Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded.

10A Wright, Miller & Kane, supra.

**FINDINGS AND CONCLUSIONS**

1. This action was commenced by the filing of a Complaint on April 11, 2008. [Doc. # 1.] Jurisdiction exists pursuant to 29 U.S.C. § 1132(e)(1) and (f) (ERISA); 29 U.S.C. § 185(a) (Labor-Management Relations Act); and 28 U.S.C. §§ 1331 (federal question) and 1367.

2. Felix was served with a summons and a copy of the complaint on or before April 21, 2008. Return of Service [Doc. # 4, filed 5/1/2008]. The Clerk of the Court entered a default against Felix pursuant to Fed. R. Civ. P. 55(a) on June 9, 2008. [Doc. # 6.]

3. Felix is a Colorado limited liability company, and is not an infant, incompetent person, officer or agency of the United States or the State of Colorado, or in the military service. Complaint at ¶8; Affidavit of Kurt W. Steenhoek In Support of Plaintiffs' Motion for Default Judgment [Doc. # 9-2, filed 6/19/ 2008] (the "Steenhoek Aff.") at ¶13.

4. Felix is a party to a collective bargaining agreement and trust agreements incorporated in the collective bargaining agreement(the "CBA"). Complaint at ¶11; Steenhoek Aff. at ¶13.

5. Under the terms of the CBA, Felix is required to pay fringe benefit contributions to the Pipe Industry Health and Welfare Fund of Colorado; Denver Pipe Industry Vacation Fund; Denver Plumbers Joint Apprenticeship and Training Fund; and Contract Administration Fund of Northeastern Colorado, Inc., in specific amounts for each hour worked by Felix's employees

performing work covered by the CBA. Felix also is required to remit to the Plumbers Local Union No. 3, United Association of Journeymen and Apprentices of the Plumbing & Pipe Fitting Industry of the United States and Canada (the "Union") dues that are to be deducted from the employees' pay in accordance with the CBA. Steenhoek Aff. at ¶5

6. Felix has failed to pay contributions and dues as required in the amount of $8,420.43. Steenhoek Aff. at ¶¶7-9.

7. In addition to the unpaid contributions and dues, Felix owes interest at the contract rate of 2% per month. The total amount of interest owed as of September 23, 2008, is $1,896.89. Supplemental Affidavit of Kurt W. Steenhoek In Support of Plaintiffs' Motion for Default Judgment [Doc. # 12, filed 9/23/2008] (the "Supp. Steenhoek Aff.") at ¶5.

8. Plaintiffs also are entitled to liquidated damages in an amount equal to an additional 2% per month on the unpaid contributions from the date payment was due until the date payment is made. The amount of liquidated damages owed as of September 23, 2008, is $1,347.28. Supp. Steenhoek Aff. at ¶5.

**RECOMMENDATION**

I respectfully RECOMMEND that the Motion be GRANTED and that a default judgment be entered in favor of the plaintiffs and against Felix in the total amount of $11,664.60 as of September 23, 2008, as follows:

(A) For unpaid fringe benefit contributions and Union dues in the amount of $8,420.43;

(B) For interest on the unpaid fringe benefit contributions and Union dues as of

4

September 23, 2008, in the amount of $1,896.89; and

      (C)    For liquidate damages as of September 23, 2008, in the amount of $1,347.28.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 30, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge